**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| REVEREND DOCTOR KEITH ALAN LASKO, *et al.*<br><br>Plaintiffs,<br><br>vs.<br><br>HAMPTON & HAMPTON COLLECTIONS, LLC, *et al.*,<br><br>Defendants. | Case No. 2:15–cv–1110–APG–VCF<br><br>**ORDER AND**<br>**REPORT & RECOMMENDATION**<br><br>APPLICATION TO PROCEED INFORMA PAUPERIS (#1) |

Before the court is Reverend Doctor Keith Alan Lasko's Application to Proceed *In Forma Pauperis* (#1[1]) and Complaint (#1-2). For the reasons stated below, (1) Lasko's Application to Proceed *In Forma Pauperis* is granted, (2) Plaintiffs Silva Lasko, Worldwide Ministries of Jesus Christ, and First Church of the Epiphany of Jesus Christ are ordered to apply to proceed *in forma pauperis*, (3) Worldwide Ministries of Jesus Christ and First Church of the Epiphany of Jesus Christ are ordered to retain counsel, and (4) Lasko's complaint should be dismissed with leave to amend.

**I.    *In Forma Pauperis* Applications**

This matter is brought by four plaintiffs: Keith Lasko, Silvia Lasko, Worldwide Ministries of Jesus Christ, and First Church of the Epiphany of Jesus Christ. Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. The court may authorize the commencement of an action without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement showing the person is unable to pay such costs. *See* 28 U.S.C. § 1915(a)(1). The

---

[1] Parenthetical citations refer to the court's docket.

1

standard governing *in forma pauperis* eligibility under 28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor" and, therefore whether to allow a plaintiff to proceed *in forma pauperis*, is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. *See, e.g.*, *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y.), *aff'd*, 52 Fed. Appx. 157 (2nd Cir. 2002).

Here, only Keith Lasko filed an application to proceed *in forma pauperis*. If Silvia Lasko, Worldwide Ministries of Jesus Christ, and First Church of the Epiphany of Jesus Christ elect to proceed in this matter, one of them must pay the court's filing fee or all of them must apply to proceed *in forma pauperis* by **June 29, 2015**. If Silvia Lasko, Worldwide Ministries of Jesus Christ, or First Church of the Epiphany of Jesus Christ fail to pay the court's filing fee or apply to proceed *in forma pauperis* June 29, 2015, the court will recommend that the noncomplying plaintiffs be dismissed from this action.

In the event that Worldwide Ministries of Jesus Christ and/or First Church of the Epiphany of Jesus Christ comply with this court order and either pay the court's filing fee or apply to proceed *in forma pauperis*, both Worldwide Ministries of Jesus Christ and First Church of the Epiphany of Jesus Christ are ordered to retain counsel. Corporations, associations, and churches cannot represent themselves. *Rowland v. California Men's Colony*, 506 U.S. 194 (1993).

The court now turns to Keith Lasko's application to proceed *in forma pauperis*. He alleges that he receives $850.00 a month in social-security benefits and has $82.00 in a bank account. Keith Lasko's request to proceed *in forma pauperis* is therefore granted pursuant to § 1915(a).

**II.**     **Section 1915(e) Screening**

Upon granting a request to proceed *in forma pauperis*, a court must screen a complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. *See* § 1915(e)(2). The court's review is guided by two Federal Rule of Civil Procedure 8.

Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) states that in order to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. at 680. The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure for determining whether a complaint's allegations cross that line.

First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *id*. at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id*. at 681.

Second, the court must determine whether the complaint states a "plausible" claim for relief. *Id*. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted).

If a court dismisses a complaint under § 1915(e) for failing to comply with Rule 8's requirements, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

Here, the court grants plaintiffs leave to amend their complaint so that it complies with Rule 8's "short and plain" requirement. Plaintiffs' complaint consists of approximately fourteen claims for relief and 149 pages of allegations and exhibits. This is neither "short" nor "plain." *Nw. Nat'l Ins. Co. v. Baltes*, 15 F.3d 660, 662 (7th Cir. 1994) ("It is not the Court's job to laboriously search the Complaint for factual assertions that could, in theory, be used to support one legal claim or another. District judges are not archaeologists. They need not excavate masses of papers in search of revealing tidbits"); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) ("[A] complaint must be presented 'with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search of plaintiff's claim."); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir.1988) ("If the factual elements of a cause of action are scattered throughout the complaint but are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a) is proper.").

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Keith Lasko's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that Keith Lasko is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that Silvia Lasko, Worldwide Ministries of Jesus Christ, and First Church of the Epiphany of Jesus Christ either (1) pay the court's filing fee or (2) apply to proceed *in forma pauperis* by June 29, 2015.

IT IS FURTHER ORDERED that Worldwide Ministries of Jesus Christ and First Church of the Epiphany of Jesus Christ retain counsel.

IT IS FURTHER ORDERED that the Clerk of Court file the complaint.

IT IS RECOMMENDED that plaintiffs' Complaint (#1-1) BE DISMISSED with leave to amend.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 16th day of June, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE